UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MUKESH KUMAR,

                Petitioner,

    v.

ICE FIELD OFFICE DIRECTOR,

                Respondent.

Case No. C20-758-RAJ-MLP

REPORT AND RECOMMENDATION

      Petitioner is proceeding *pro se* in this 28 U.S.C. § 2241 immigration habeas action. On June 15, 2020, the Court granted Petitioner's motion to proceed *in forma pauperis* and directed that Respondent file a return memorandum and status report. (Dkt. ## 5, 7.) On July 10, 2020, the copies of these orders that were mailed to Petitioner at his address of record were returned to the Court as undelivered. (Dkt. # 12.) On July 14, 2020, Respondent filed a motion to dismiss this action as moot because Petitioner had been removed from the United States. (Dkt. # 9.) To date, Petitioner has not provided the Court with an updated address or responded to Respondent's motion to dismiss.

      Pursuant to Local Civil Rule 41(b), *pro se* parties are required to keep the Court and opposing parties advised of their current mailing address. Local Rules W.D. Wash. LCR 41(b).

REPORT AND RECOMMENDATION - 1

If mail sent to a *pro se* petitioner by the Clerk is returned as undeliverable, and if the petitioner fails to notify the Court and opposing parties of his or her current mailing address within 60 days of the mail being returned as undeliverable, the Court may dismiss the action without prejudice for failure to prosecute. *Id.* Here, more than 60 days have passed since the Court's orders were returned as undeliverable. Thus, this action may be dismissed for failure to prosecute. *See* Local Rules W.D. Wash. LCR 41(b).

In addition, the Government is correct that this action is moot. Under Article III of the U.S. Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). Because Petitioner's habeas petition seeks only release from detention, his claims have been fully resolved. *See id.* at 1065. Accordingly, there is no collateral consequence that could be redressed by the Court, and Petitioner's habeas petition may be dismissed as moot. *See id.*

For the foregoing reasons, the Court recommends that Respondent's motion to dismiss (dkt. # 9) be GRANTED, Petitioner's habeas petition be DENIED, and this action be DISMISSED without prejudice. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's

REPORT AND RECOMMENDATION - 2

motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on October 16, 2020.

Dated this 23rd day of September, 2020.

*[signature]*

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3